# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IRWIN ORLANDO CRUTCHFIELD,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-3323** |
| | : | |
| **PA BOARD OF** | : | |
| **PROBATION AND PAROLE,** | : | |
| Respondent. | : | |

### MEMORANDUM

**RUFE, J.**                                                                                                         **OCTOBER 13, 2020**

On July 2, 2020, this Court docketed Irwin Orlando Crutchfield's Petition for Writ of *Habeas Corpus*. This petition was not submitted directly to this Court, but rather was forwarded to us from the Montgomery County Office of the Clerk of Court.

It is unclear why the petition was forwarded to this Court. When Crutchfield mailed the original petition, he addressed his submission to the "Pennsylvania Court of Common Pleas; 38 Judicial District." While this is not precisely correct, it would seem to have been clear enough to indicate his intention, particularly since the address was the correct address for the Montgomery County Court of Common Pleas. Further, the caption on the filed pleadings similarly indicated the matter should be filed in "the Pennsylvania Court of Common Pleas, 38 [sic] Judicial District."

In an effort to clarify the purpose of the pleadings, this Court ordered Crutchfield to submit his claims on our standard habeas corpus form. Crutchfield, however, realizing that his pleading had been forwarded to the wrong court, resent his pleading to the Montgomery County Court of Common Pleas. Again, Crutchfield sent the pleadings to the correct address. This time,

the address was even more accurate – it was sent to the "Montgomery County Courthouse." Yet again, the Clerk of Court refused the filing and forwarded it to this Court.

In case the address and the caption were not sufficient, on the first page of Crutchfield's filing, he provided a jurisdictional statement, specifically noting his intention to invoke the authority of the *Pennsylvania state courts* to challenge the legality of the detainer that has been filed by Pennsylvania authorities.

This Court is aware that Crutchfield is a federal prisoner. But he is not challenging his federal custody. He is attempting to challenge the detainer that has been lodged by the Commonwealth of Pennsylvania.

Crutchfield has made his intention clear – he wants his pleading filed in the Pennsylvania state courts. Therefore, the Court will take the action that it can to affect that intention. In the attached order, the Court will direct the Clerk of Court in our federal district court to send a copy of this Opinion and Order, as well as a copy of the pleading that was forwarded to this Court by the Montgomery County Office of the Clerk of Courts. It is our hope this will provide Montgomery County sufficient notice to properly process Crutchfield's request. In an effort to be thorough, the Court will also direct that these documents be sent to the Commonwealth Court of Pennsylvania, since Crutchfield's petition appears to note the jurisdictional authority of that court.

In consideration of the fact that Crutchfield has already attempted to file this petition several times, the Court will not dismiss this matter. Rather, the matter will be stayed and held in abeyance, to ensure that Crutchfield will receive review of his claims. If state actors continue to refuse Crutchfield's pleading, then the filings will be construed by this Court as a federal petition for writ of habeas corpus. While Crutchfield does have the obligation to exhaust his

remedies in state court, the repeated rejection of Crutchfield's pleading certainly speaks to the availability of state court review.

It is apparent to us that the state agents who would be responding to this litigation in state and federal court are unaware of Crutchfield's attempt to file this pleading. As a result, the attached order directs the Clerk of Court to serve the Montgomery County District Attorney's Office and the Pennsylvania Office of the Attorney General. The Commonwealth, through either or both of these parties, shall monitor the state dockets to determine if Crutchfield's pleadings are eventually filed in the Montgomery County Court of Common Pleas or the Commonwealth Court of Pennsylvania. With thirty days of the date of this opinion, the Commonwealth shall report on the status of any proceedings in the Pennsylvania Courts.

In reaching this opinion, the Court expresses no opinion on the merits of Crutchfield's claim relating to the propriety of the detainer that has been lodged by the Pennsylvania Board of Probation and Parole.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
CYNTHIA M. RUFE, J.

3