IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IRWIN ORLANDO CRUTCHFIELD**<br>Petitioner,<br><br>v.<br><br>**PENNSYLVANIA PAROLE BOARD,** *et al.*<br>Respondents. | CIVIL ACTION NO. 20-3323 |

# ORDER

Petitioner has filed a *pro se* petition under 28 U.S.C. § 2254, challenging a detainer that was lodged against him by the Pennsylvania Board of Probation and Parole (the "Board").[1] The Court referred this case to Magistrate Judge Timothy R. Rice for the purpose of issuing a report and recommendation ("R&R"). Ultimately, the R&R recommended that the petition be dismissed with prejudice as untimely and meritless.[2] Petitioner has filed objections to the R&R, to which no response has been filed.[3] For the reasons set forth below, the Court overrules Petitioner's objections and adopts the R&R in its entirety.

## I. BACKGROUND

The background facts and procedural history set forth in the R&R are incorporated herein, but the Court will restate the facts that are relevant to this petition. On June 5, 2003, Petitioner pled guilty to unlawful possession of a controlled substance with intent to deliver, and

---

[1] Fed. Habeas Pet. [Doc. No. 13]. As the R&R correctly noted, although Petitioner is in federal custody, he properly filed a § 2254 petition to challenge the detainer related to his state custodial sentence. *See Maleng v. Cook*, 490 U.S. 488, 493 (1989).

[2] R&R [Doc. No. 32].

[3] Objections to R&R [Doc. No. 35].

the trial court sentenced him to an aggregate of 3-6 years of incarceration.[4] On December 12, 2006, Petitioner was released on parole.[5]

On April 11, 2008, state authorities arrested Petitioner for technical parole violations following a search of his home, and he was eventually charged with drug and gun-related offenses.[6] On April 17, 2008, the Board notified Petitioner that he was being charged with a parole violation and that it intended to hold a preliminary and detention hearing.[7] Petitioner waived his right to a hearing and requested that his violation hearing be continued pending the disposition of his outstanding criminal charges.[8]

On December 16, 2008, Petitioner was indicted in this Court for drug-trafficking and gun-related charges in connection with the search of his home.[9] Shortly thereafter, the state court granted the prosecution's motion to nolle pros the state charges against Petitioner.[10] On December 31, 2008, the Board notified Petitioner that it granted his request to continue his violation hearing, but that it would detain him pending the disposition of his new criminal charges.[11] It further noted that it would schedule a violation hearing when Petitioner advised the Board "in writing" that he was "prepared to proceed."[12]

---

[4] *Commonwealth v. Crutchfield*, CP-46-CR-0001651-2003 (Ct. Comm. Pleas Montgomery Cnty.), Dkt. at 2; Fed. Habeas Pet. [Doc. No. 13] at ECF pages 4-5.

[5] Board Answer Ex. B [Doc. No. 18-1].

[6] Board Answer Ex. C [Doc. No. 18-1]; Board Answer Ex. E [Doc. No. 18-1].

[7] Board Answer Ex. F [Doc. No. 18-1].

[8] Board Answer Ex. G [Doc. No. 18-1]; Board Answer Ex. H [Doc. No. 18-1].

[9] *See United States v. Crutchfield*, Case No. 08-cr-746 [Doc. No. 1] (E.D. Pa.).

[10] Board Resp. Opp'n Ex. 4 [Doc. No. 30].

[11] Board Answer Ex. J [Doc. No. 18-1].

[12] Board Answer Ex. J [Doc. No. 18-1].

Petitioner was released from prison on January 30, 2009, which was the maximum sentence date on his original sentence.[13] On April 29, 2009, the Board issued an administrative action stemming from the April 2008 search of Petitioner's home, declaring him "delinquent for control purposes effective 4/11/2008."[14] On February 16, 2010, Petitioner was sentenced to 240 months of incarceration after pleading guilty to possession with intent to distribute cocaine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon.[15]

On April 21, 2010, the Board relodged its warrant as a detainer against Petitioner with the Federal Bureau of Prisons.[16] Petitioner requested that the Board remove the detainer in April 2015, when he claims that his case manager first informed him of the detainer.[17] That same month, the Board rejected Petitioner's request and notified him that it would hold a revocation hearing when he became available.[18] In December 2017, Petitioner contends that the public defender's office informed him of the Board's April 29, 2009 administrative action.[19] On March 21, 2018, Petitioner again sought removal of the detainer or to resume his violation hearing.[20]

---

[13] Board Answer Ex. K [Doc. No. 18-1]; Board Answer Ex. A [Doc. No. 18-1].

[14] Board Answer Ex. L [Doc. No. 18-1].

[15] *See United States v. Crutchfield*, Crim. No. 08-746 [Doc. Nos. 29, 36] (E.D. Pa.).

[16] Board Answer Ex. O [Doc. No. 18-1].

[17] Reply to Board Answer [Doc. No. 22] ¶ 24; Resp. to Commonwealth Answer [Doc. No. 31] ¶ 28; Habeas Pet. Ex. C [Doc. No. 2].

[18] Habeas Pet. Ex. C [Doc. No. 2].

[19] Objections to R&R [Doc. No. 35] ¶ 35; Resp't Answer Ex. L [Doc. No. 18-1].

[20] Reply to Board Answer Ex. L [Doc. No. 22].

On June 25, 2018, Petitioner filed a mandamus petition in the Pennsylvania Commonwealth Court, which was dismissed for lack of jurisdiction.[21] The Pennsylvania Supreme Court dismissed Petitioner's appeal on July 6, 2020 for failure to perfect.[22]

On June 16, 2020, Petitioner filed a writ of habeas corpus petition with the state trial court, arguing that the Board unlawfully issued the detainer.[23] The petition was forwarded to this Court.[24] On July 14, 2020, this Court ordered Petitioner to submit his claims on the standard 28 U.S.C. § 2254 form if he intended to file a federal habeas petition.[25] On August 3, 2020 and September 10, 2020, Petitioner refiled his habeas petition with the trial court, which was forwarded to this Court.[26] On October 13, 2020, the Court ordered the Clerk of this Court to send copies of his habeas petitions to the Montgomery County Court of Common Pleas, the Commonwealth Court of Pennsylvania, the Montgomery County District Attorney, and the Pennsylvania Office of Attorney General.[27] The Court also ordered the Commonwealth to report the status of any proceedings in the state court and that Petitioner's federal case be stayed pending such status reports.[28]

On December 1, 2020, Petitioner filed a federal habeas petition in this Court, arguing that the Board violated his right to due process by failing to provide him with a timely revocation hearing.[29] He also filed a motion to lift the stay in his case and excuse any failure to exhaust his

---

[21] *Crutchfield v. Pa. Bd. of Prob. & Parole*, 457 MD 2018 (Pa. Commw. Ct.), Dkt. at 2-3.

[22] *Crutchfield v. Pa. Bd. of Prob. & Parole*, 457 MD 2018 (Pa. Commw. Ct.), Dkt. at 3.

[23] *See* Habeas Pet. [Doc. No. 2].

[24] Habeas Pet. [Doc. No. 2] at ECF page 15; Mem. Op. [Doc. No. 9] at 1.

[25] Order of July 14, 2020 [Doc. No. 4].

[26] Am. Habeas Pet. [Doc. No. 5] at ECF page 17; Am. Habeas Pet. [Doc. No. 7] at ECF page 16.

[27] Order of Oct. 13, 2020 [Doc. No. 10].

[28] Order of Oct. 13, 2020 [Doc. No. 10].

[29] Fed. Habeas Pet. [Doc. No. 13] at 8, 18. Petitioner filed a federal habeas petition using the standard 28 U.S.C. § 2254 form provided to him by this Court. The R&R also refers to the other petitions, which were filed in state court and forwarded to this Court, for their exhibits. The Court considers the federal habeas petition, filed using

claims based on the state court's failure to accept his habeas petition, which was granted by the Honorable Timothy R. Rice.[30]

## II. DISCUSSION

A. Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitions filed by state prisoners are subject to a one-year statute of limitations.[31] The limitations period begins to run on the latest of several dates, including "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[32] Further, a petitioner must show that the vital facts underlying their claim could not have been known earlier.[33]

The United States Supreme Court has held that the statutory limitations under the AEDPA are also subject to equitable tolling in appropriate circumstances.[34] A petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[35] A petitioner must pursue all their rights diligently, not only the habeas petition.[36] The Third Circuit has found that equitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff; (2) the plaintiff has in some extraordinary way been prevented from asserting their rights; (3) the plaintiff has timely asserted their rights

---

the standard form, as the operative petition in this case. Nevertheless, in addressing the timeliness of Petitioner's request for habeas relief, the Court uses the filing date of his first petition filed in state court on June 16, 2020, and not the date of his federal petition filed on December 1, 2020.

[30] Mot. Lift Stay [Doc. No. 11]; Order of Feb. 26, 2021 [Doc. No. 21].

[31] 28 U.S.C. § 2244(d)(1).

[32] 28 U.S.C. § 2244(d)(1)(D); *Wilson v. Beard*, 426 F.3d 653, 659 (3rd Cir. 2005).

[33] *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007).

[34] *Holland v. Florida*, 560 U.S. 631, 645 (2010).

[35] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted).

[36] *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).

mistakenly in the wrong forum; (4) the plaintiff received inadequate notice of their right to file suit; (5) a motion for appointment of counsel is pending; or (6) a court actively misled the plaintiff into believing they had done everything required.[37]

Petitioner requested removal of the detainer in April 2015, when he claims his federal case manager first notified him of the detainer. As explained in the R&R, assuming that this was the first time Petitioner learned of the detainer, he was required to file his federal habeas petition by April 2016. However, Petitioner did not file his habeas petition until 2020, over four years later. Accordingly, his petition was untimely unless he can establish that he is entitled to equitable tolling.

In his objections to the R&R, Petitioner argues that his claim did not arise until December 2017, when the public defender's office informed him of the Board's administrative action. He admits that he learned of the detainer in April 2015 but argues that the detainer is merely "collateral" to his claim.[38] However, even if Petitioner's claim arose in December 2017, the deadline to file his federal habeas petition would have been December 2018. However, as explained above, he did not file a petition until 2020.

The R&R concluded that Petitioner was not entitled to equitable tolling because he did not exercise due diligence. The R&R reasoned that after the Board refused to remove the detainer in April 2015, Petitioner waited almost three years to contact the Board again or initiate any state court proceedings. Although Petitioner sought to file habeas petitions in state court in 2020, which were forwarded to this Court, those petitions were filed more than five years after he learned of the detainer and the Board refused to remove it or hold a hearing.

---

[37] *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted).
[38] Objections to R&R [Doc. No. 35] at 9.

In his objections to the R&R, Petitioner argues that the limitations period should be tolled between April 14, 2015, the date he learned of the detainer, through March 21, 2018, the date he sought to remove the detainer and resume his violation hearing. Petitioner argues that he acted with due diligence because he spent "months of trying to obtain any [Board] related information from [his] trial counsel."[39] However, as the R&R explained, Petitioner made no efforts to follow up with the Board directly after they denied his request to remove the detainer in 2015. Nor has Petitioner shown that any extraordinary circumstances prevented him from timely filing his petition. Therefore, the R&R correctly concluded that the petition is untimely and not subject to equitable tolling.

B. The Merits

Under 28 U.S.C. § 2254(b)(1)(2), a petition for writ of habeas corpus "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."[40] The R&R correctly concluded that Petitioner's claim also lacks merit.

The R&R rejected Petitioner's argument that he should have "been afforded the opportunity to continue his technical violation hearing"[41] either after the dismissal of his state charges, after he was released from state custody, or when he was sentenced on federal charges. As the R&R correctly reasoned, Petitioner does not claim that he was prepared to proceed with a hearing at those times. Petitioner submits a letter to the Board dated March 21, 2018 requesting a hearing, but this letter was sent more than eight years after he was released from state custody and sentenced on federal charges.[42]

---

[39] Objections to R&R [Doc. No. 35] at 9.

[40] 28 U.S.C. § 2254(b)(1)(2).

[41] Resp. to Commonwealth Answer [Doc. No. 31] at ¶ 10.

[42] Reply to Board Answer [Doc. No. 22] ¶ 25; Reply to Board Answer Ex. L [Doc. No. 22].

Further, as the R&R reasoned, the Board "has no constitutional duty to provide petitioner an adversary parole hearing *until he is taken into custody as a parole violator by execution of the warrant*."[43] Indeed, "the loss of liberty as a parole violator does not occur until the parole violator is taken into custody under the warrant."[44] To the extent that Petitioner argues that he was denied a right to serve his parole violation sentence before his federal sentence and participate in programming while serving his federal sentence, the R&R properly rejected this argument: the Supreme Court held in *Moody* that the petitioner did not have a liberty interest in the timing of his parole violation sentence because he could make those arguments at the revocation hearing.[45] Therefore, the R&R correctly concluded that Petitioner's claims are meritless.

### III.   ORDER

**AND NOW**, this 19th day of July 2023, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and the related filings, and upon review of the R&R of Magistrate Judge Timothy R. Rice, and the objections thereto, it is hereby **ORDERED** that:

1.   The Petitioner's objections [Doc. No. 35] are **OVERRULED**;

2.   The R&R [Doc. No. 32] is **APPROVED** as set forth herein; and

3.   The Petition will be dismissed by separate Order.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

---

[43] *Moody v. Daggett*, 429 U.S. 78, 89 (1976) (emphasis added).

[44] *Id.* at 86-87.

[45] *Id.* at 87.